Constance NAYLOR, May Susan Kimball, and Salahuddin Al–Sadiq, Individually and on behalf of all Others similarly situated, Petitioners

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Respondent.

Commonwealth Court of Pennsylvania.

Argued March 12, 2012.

Decided Oct. 3, 2012.

Reconsideration Denied Nov. 2, 2012.

Carolyn H. Feeney, Michael R. Froehlich, Kenneth J. Holloway and Robert L. Masterson, Philadelphia, for petitioners.

Andrew S. Miller, Assistant Counsel, Philadelphia, for respondent.

BEFORE: LEADBETTER, Judge, and BROBSON, Judge, and OLER, JR., Senior Judge.

OPINION BY Judge BROBSON.

Constance Naylor, May Susan Kimball, and Salahuddin Al-Sadiq (Petitioners) filed in this Court's original jurisdiction an amended class action petition for review in the nature of a complaint in equity, seeking injunctive, declaratory, and monetary relief against Respondent Commonwealth of Pennsylvania, Department of Welfare (the Department). In their amended class action petition for review, Petitioners aver that the Department unlawfully reduced the amount of certain of its monthly State Supplementary Payments (SSP) to severely disabled, blind, and elderly indigent Pennsylvania residents by failing to comply with statutorily required rule-making procedures set forth in what is commonly referred to as Commonwealth Documents Law,[1] the Regulatory Review Act,[2] and the Commonwealth Attorneys Act.[3] Before the Court are Petitioners' renewed application for summary relief and the Department's cross-application for summary relief.[4] We now deny Petitioners' application for summary relief and grant the Department's cross-application for summary relief.

---

1. Act of July 31, 1968, P.L. 769, *as amended*, 45 P.S. §§ 1102–1602, 45 Pa.C.S. §§ 501–907.

2. Act of June 25, 1982, P.L. 633, *as amended*, 71 P.S. §§ 745.1–745.12a.

3. Act of October 15, 1980, P.L. 950, *as amended*, 71 P.S. §§ 732–101 to 732–506.

4. An application for summary relief must be denied "[w]here there are material issues of fact in dispute or if it is not clear that the applicant is entitled to judgment as a matter of law." *Sherman v. Kaiser*, 664 A.2d 221, 225 (Pa.Cmwlth.1995). In ruling on an application for relief, the court must "view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Murphy v. Duquesne Univ. of the Holy Ghost*, 565 Pa. 571, 590, 777 A.2d 418, 429 (2001). Even if the facts are undisputed, the moving party has the burden of proving that its right to relief is so clear as a matter of law that summary relief is warranted. *DRB, Inc. v. Dep't of Labor and Indus.*, 853 A.2d 8, 10 n. 3 (Pa.Cmwlth.2004).

As background, Petitioners aver that over 359,000 low-income Pennsylvanians receive a monthly federal Supplemental Security Income (SSI) payment of no more than $674 per month because they are unable to work due to disability, blindness, or age. Pennsylvanians who receive SSI and who are residing in an independent living arrangement also receive an additional state-funded SSP.

The Public Welfare Code (the Code), Act of June 13, 1976, P.L. 31, *as amended*, 62 P.S. §§ 101–1503, requires the Department to pay SSP to "persons who receive Federal supplemental security income for the aged, blind and disabled pursuant to Title XVI of the Federal Social Security Act." Section 432(2)(i) of the Code, 62 P.S. § 432(2)(i). Pursuant to Section 432(2)(iii) of the Code, 62 P.S. § 432(2)(iii), the Department is required to establish the SSP amounts based upon "the funds certified by the Budget Secretary as available for State supplemental assistance, pertinent Federal legislation and regulation, the cost-of-living and the number of persons who may be eligible." For many years, the SSP was fixed by regulation at 55 Pa.Code Chapter 297. The Department, however, eliminated that chapter in March 2005 and replaced it with a new chapter at 55 Pa.Code Chapter 299, which, in part, provides that "[r]evisions to the SSP payment levels will be published as a notice in the Pennsylvania Bulletin for codification in Appendix A."[5] 55 Pa.Code § 299.37 (Section 299.37 of the Regulations).

On January 16, 2010, the Department published notice in the Pennsylvania Bulletin, announcing that it would be reducing the SSP amounts as a result of "state budget limitations" and citing the number of people who may be eligible to receive SSP. According to Petitioners, this was the first time since 2005 that the Department reduced SSP payment levels simply by publishing notice in the Pennsylvania Bulletin.[6] Following the Department's reduction in the SSP amounts through publication of notice, Petitioners initiated the litigation now before the Court.

In the renewed application for summary relief now before this Court, Petitioners argue that the Department's notice to reduce the SSP grant amounts is the equivalent of a regulation, and, as such, the Department was required to promulgate it pursuant to the Commonwealth Documents Law, the Regulatory Review Act, and the Commonwealth Attorneys Act, which the Department failed to do when it reduced the SSP amounts by simply publishing notice in the Pennsylvania Bulletin. Petitioners also argue that Section 299.37 of the Regulations does not authorize the Department to circumvent the requirements of the Commonwealth Documents Law, the Regulatory Review Act, and the Commonwealth Attorneys Act. In other words, Petitioners argue that a Commonwealth agency may not opt out of the statutory requirements to lawfully promulgate future regulations by issuing another regulation declaring itself exempt. Petitioners also contend that if the General Assembly wanted to give the Department the authority to promulgate new regulations or amend existing regulations with-

---

5. 55 Pa.Code Chapter 299 replaced 55 Pa. Code Chapter 297 in order to make the Department the entity responsible for administering SSP, instead of the Social Security Administration.

6. Prior to February 1, 2010, the SSP amounts were $27.40 per month for individuals and $43.70 per month for married couples living in an independent living arrangement. Consistent with the reduction announced in the Pennsylvania Bulletin, as of February 1, 2010, the Department reduced the SSP amounts to $22.10 for individuals and $33.30 for couples living in an independent living arrangement.

out complying with the formal rulemaking statutes, it could have done so as it has done in the past.

The Department responds that it properly promulgated Section 299.37 of the Regulations in accordance with Section 204(1)(iv) of the Commonwealth Documents Law, 45 P.S. § 1204(1)(iv), and 1 Pa.Code § 7.4(1)(iv). The Department avers that the new Chapter 299 satisfied the criteria set forth in Section 204(1)(iv) of the Commonwealth Documents Law, because that section relates to Commonwealth grants and benefits, and the SSP is a Commonwealth benefit. The Department further contends that it promulgated Section 299.37 of the Regulations in accordance with the Regulatory Review Act and the Commonwealth Attorneys Act, because the Governor's Office of General Counsel, the Attorney General's Office, and IRRC approved Section 299.37, and it was deemed approved by the legislative committees with oversight authority.[7]

The Department takes the position, therefore, that it is irrelevant whether the notice of a reduction in SSP payments is a statement of policy or binding norm, the latter of which results in it being considered a regulation,[8] because such an analysis ignores the fact that the notice was published as part of an established regulatory framework that authorizes the revision of SSP payment levels by notice. Moreover, the language of Section 299.37 is clear: "Revisions to the SSP payment levels will be published as a notice in the Pennsylvania Bulletin for codification in Appendix A." 55 Pa.Code § 299.37. Far from being an unpromulgated regulation separate and apart from Section 299.37, the Department contends that the notice was the vehicle authorized by the regulation for revising SSP payment levels. Thus, the Department is authorized to reduce the amount of SSP payments through notice published in the Pennsylvania Bulletin and without the need to go through the formal rule-making procedures referenced above. The Department continues that it was authorized to promulgate Section 299.37 under its governing statutory authority, and that this Court, therefore, should uphold the validity of Section 299.37 and its authorization to revise SSP payment levels by publishing notice in the Pennsylvania Bulletin.

▪▪▪ At the outset, we note that the Commonwealth Documents Law, the Regulatory Review Act, and the Commonwealth Attorneys Act establish a mandatory, formal rulemaking procedure that is, with rare exceptions, required for the promulgation of all regulations. *See German-town Cab Co. v. Philadelphia Parking*

---

7. The Department averred that the Governor's Office of General Counsel and the Attorney General, pursuant to the Commonwealth Attorneys Act, reviewed what it refers to as "the rule making" (the Rulemaking) for form and legality, and they approved it, including Section 299.37. *See* Sections 204(b) and 301(10) of the Commonwealth Attorneys Act, 71 P.S. §§ 732–204(b) and 732–301(10). In addition, pursuant to the Regulatory Review Act, IRRC, the House Committee on Health and Human Services, and the Senate Committee on Public Health and Welfare reviewed the Rulemaking. *See* Section 5 of the Regulatory Review Act, *as amended*, 71 P.S. § 745.5a(c). IRRC approved the Rulemaking after IRRC found that its promulgation was in the public interest. The Rulemaking was also deemed approved by the House and Senate Committees. The Department did not receive any comments from these approving authorities about the inclusion of Section 299.37 in Chapter 299. The Department also did not receive any comments about the fact that Section 299.37 allowed the Department to reduce the amount of SSP by publishing a notice in the Pennsylvania Bulletin. Petitioners do not appear to dispute these averments.

8. *See Northwestern Youth Servs., Inc. v. Dep't of Pub. Welfare*, 1 A.3d 988 (Pa.Cmwlth.2010).

*Auth.,* 993 A.2d 933, 937 (Pa.Cmwlth.2010), *aff'd,* ⸺ Pa. ⸺, 36 A.3d 105 (2012). Under the Commonwealth Documents Law,[9] an agency must give notice to the public of its proposed rulemaking and an opportunity for the public to comment. Section 201 of the Commonwealth Documents Law, 45 P.S. § 1201; *Borough of Bedford v. Dept. of Envtl. Prot.,* 972 A.2d 53 (Pa.Cmwlth.2009). Under the Regulatory Review Act, the agency must also submit its proposed regulation to IRRC for public comment, recommendation from IRRC, and, ultimately, IRRC's approval or denial of a final-form regulation.[10] Section 5 of the Regulatory Review Act, *as amended,* 71 P.S. § 745.5. The Commonwealth Attorneys Act requires the agency to submit all proposed regulations to the Attorney General and Governor's Office of General Counsel for review of the form and legality. 71 P.S. §§ 732–204(b), – 301(10).

At the heart of this matter is whether Section 299.37 of the Regulations, which purports to authorize the Department to change the amount of SSP payments by publishing notice in the Pennsylvania Bulletin without promulgating a new regulation, is valid. Thus, in order to address whether the Department had the authority to reduce SSP payment amounts through the publication of a notice in the Pennsylvania Bulletin, as opposed to through a regulation, we must first analyze whether Section 299.37 is a valid and binding regulation.[11]

■■■■ Agency regulations are valid and binding on the courts only if they are: (1) within the agency's granted power; (2)

**9.** The Commonwealth Documents Law defines a regulation as "[a]ny rule or regulation, or order in the nature of a rule or regulation, promulgated by an agency under statutory authority in the administration of any statute administered by or relating to the agency, or prescribing the practice or procedure before such agency." Section 102(12) of the Commonwealth Documents Law, *as amended,* 45 P.S. § 1102(12). The Commonwealth Documents Law defines a statement of policy as "any document, except an adjudication or a regulation, promulgated by an agency which sets forth substantive or procedural personal or property rights, privileges, immunities, duties, liabilities or obligations of the public or any part thereof, and includes, without limiting the generality of the foregoing, any document interpreting or implementing any act of Assembly enforced or administered by such agency." Section 102(13) of the Commonwealth Documents Law, 45 P.S. § 1102(13).

Petitioners note that an agency's pronouncement constitutes a regulation when it purports to create a binding norm, as opposed to a statement announcing the agency's tentative intentions in the future. In *Northwestern Youth Services,* this Court explained: "To determine whether an agency has attempted to establish a binding norm, we must consider: (1) the plain language of the enactment; (2) the manner in which the agency implements it; and (3) whether it restricts the agency's discretion." *Northwestern Youth Servs.,* 1 A.3d at 993. Based on these factors, Petitioners contend that the SSP reduction set forth in the Pennsylvania Bulletin constituted a regulation within the meaning of the Commonwealth Documents Law.

**10.** For thirty days thereafter, interested members of the public or relevant legislative committees may submit public comments. 71 P.S. § 745.5(b), (d). At the close of the public comment period, IRRC may offer recommendations on the proposed regulation. *Id.* § 745.5(g). The agency then reviews and considers the comments and delivers final-form regulations to IRRC. *Id.* § 745.5a(a). IRRC may then approve or disapprove the regulations within thirty (30) days. *Id.* § 745.5a(e). In making a decision, IRRC considers, in part, whether the agency has the statutory authority to promulgate the legislation. *Id.* § 745.5b(a).

**11.** Petitioners first analyze whether publication of the notice was an act of rule-making, requiring promulgation of a regulation without considering the validity and effect of Section 299.37. Such an analysis, however, essentially places the "cart before the horse."

issued pursuant to proper procedure; and (3) reasonable. *Rohrbaugh v. Pa. Public Utility Comm'n*, 556 Pa. 199, 208, 727 A.2d 1080, 1085 (1999). Moreover, properly promulgated regulations are generally presumed to be reasonable. *Burstein v. Prudential Property & Cas. Ins. Co.*, 570 Pa. 177, 184, 809 A.2d 204, 208 (2002). Also, "[w]hile courts traditionally accord the interpretation of the agency charged with administration of the act some deference, the meaning of a statute is essentially a question of law for the court, and, when convinced that the interpretative regulation adopted by an administrative agency is unwise or violative of legislative intent, courts disregard the regulation." *Philadelphia Suburban Corp. v. Bd. of Finance and Revenue*, 535 Pa. 298, 301–02, 635 A.2d 116, 118 (1993). Thus, an appellate court will not overturn a regulation promulgated under an agency's statutory grant of rulemaking authority if the regulation is within the agency's delegated power, issued pursuant to proper procedure, and reasonable. *See Popowsky v. Pa. Pub. Util. Comm'n*, 589 Pa. 605, 629–30, 910 A.2d 38, 53 (2006).

With that framework in mind, in order for Section 299.37 of the Regulations to be valid and binding as to the reduction of SSP payment amounts, the subject matter of Section 299.37 must be within the Department's delegated power. *See id.* Section 432(2)(iii) of the Code clearly delegates power to the Department to establish the amounts of SSP payments, because that section provides that *"[i]n establishing the amounts of the State supplemental assistance, the department shall consider* the funds certified by the Budget Secretary as available for State supplemental assistance, pertinent Federal legislation and regulation, the cost of living and the number of persons who may be eligible." With the exception of the afore-mentioned circumstances that

the Department must consider in establishing the amount of SSP payments, neither Section 432 of the Code nor any other section of the Code restricts or directs the manner by which the Department must establish SSP payment amounts. Thus, given the clear language of Section 432(2)(iii) of the Code, we conclude that the subject matter of Section 299.37 was within the Department's delegated power.

Next, in order for Section 299.37 of the Regulations to be valid and binding, it also must have been issued pursuant to proper procedure. Here, it appears that the Department promulgated Section 299.37 pursuant to the Commonwealth Documents Law, Regulatory Review Act, and Commonwealth Attorneys Act, and Petitioners do not contend that it was not properly promulgated. Thus, we accept for purposes of this matter that Section 299.37 was properly promulgated.

■ Finally, in order for Section 299.37 of the Regulations to be valid and binding, it must be reasonable. Petitioners' argument may be interpreted to suggest that Section 299.37 is not reasonable, because it allows the Department to circumvent the rule-making requirements set forth in the Commonwealth Documents Law, the Regulatory Review Act, and the Commonwealth Attorneys Act by allowing the Department to change the amount of SSP payments through mere publication in the Pennsylvania Bulletin, instead of through the promulgation of a new regulation. We begin by noting that the Code does not require that the Department establish the amount of SSP payments through promulgation of a regulation. The General Assembly could certainly have so provided, if that were the intent. Instead, the Code does not specify the manner by which the Department shall

establish the amount of SSP payments, only the circumstances to be considered in establishing them. Section 299.37 does not address matters relating to eligibility for SSP payments or procedures related thereto. It does nothing more than establish a mechanism by which the Department announces the new SSP payment amounts. Through the promulgation of Section 299.37, the Department actually *used,* as opposed to *circumvented,* the rule-making process to alter the prior practice it followed to announce changes in the amount of SSP payments. This rule-making process was an open-process, which included the publication of the proposed Section 299.37, solicitation of comments, review by the legislative committees with oversight responsibility, review by the Attorney General's Office, and review by IRRC. Neither the public nor any government official or body commented on Section 299.37, despite having the opportu-

nity to do so. Under these circumstances, we will not disturb the presumption that Section 299.37 is reasonable.

 Because we conclude that Section 299.37 of the Regulations is a valid and binding regulation, when the Department issued its notice reducing the amount of SSP payments, it did not promulgate a new regulation or a regulatory amendment when it published notice in the Pennsylvania Bulletin, because it merely invoked the authority of a pre-existing regulation, namely Section 299.37. The notice was merely the mechanism, as established by Section 299.37, to announce the reduction in the amount of SSP payments, which reduction was authorized pursuant to Section 432 of the Code. As such, the Department was not required to comply again with the Commonwealth Documents Law, Regulatory Review Act, or Commonwealth Attorneys Act when publishing notice.[12]

12. Petitioners contend that IRRC recently commented on another regulation proposed by the Department, through which the Department was seeking to allow for amendment to the amounts of certain welfare-to-work supports called Special Allowances by amending an appendix based upon funding and demand through notice published in the Pennsylvania Bulletin. IRRC apparently expressed concern that such a procedure would not comply with the Regulatory Review Act. In response, the Department, in part, points to what it characterizes as a "long list of duly promulgated regulations in Chapter 55 of the Pennsylvania Code that give the Department the authority to modify benefits, eligibility and other aspects of the Department's programs by publishing notice in the Pennsylvania Bulletin." (Respondent's memorandum of law in opposition to Petitioners' renewed application for summary relief, p. 13.) See 55 Pa.Code § 501.7 (authorizing Department to make adjustments to standard utility amounts, telephone allowances, and homeless shelter allowances for recipients by publishing notice in Pennsylvania Bulletin); 55 Pa.Code § 1187.2 (authorizing Department to define certain types of Durable Medical Equipment by publishing notice in Pennsylvania Bulle-

tin); 55 Pa.Code § 1151.54(i) (authorizing Department to publish notice in Pennsylvania Bulletin to list qualifying inpatient psychiatric facilities and their annual disproportionate share payment percentages); 55 Pa.Code § 1150.61 (authorizing Department to publish notice when fees are changed and when procedures or items are added to, or deleted from, Medical Assistance Program Fee Schedule); and 55 Pa.Code § 1128.52 (authorizing Department to publish notice for rate increases and decreases for renal dialysis services and changes in methodology used in establishing maximum fees). We note, however, that the parties do not direct this Court to any instances in which a court has considered whether the above-described proposed or promulgated regulations were valid and binding. Also, while Petitioners urge this Court to give deference to IRRC's concerns regarding the proposed regulation which would have allowed Special Allowances amounts to be published in the Pennsylvania Bulletin, which proposed regulation received extensive comments, Petitioners fail to acknowledge that IRRC expressly approved Section 299.37, which received *no* comments during the review process.

Accordingly, we deny Petitioners' renewed application for summary relief, and grant the Department's cross-application for summary relief.

### ORDER

AND NOW, this 3rd day of October, 2012, Petitioners' renewed application for summary relief is hereby DENIED, and Respondent's cross-application for summary relief is hereby GRANTED. Petitioners' petition for review in the nature of a complaint in equity, seeking injunctive, declaratory, and monetary relief against Respondent, is hereby DISMISSED with prejudice.