David Lusik,                          :
                    Petitioner        :
                                      :
          v.                          :    No. 405 M.D. 2017
                                      :    Submitted:  October 30, 2020
Pennsylvania State Police,            :
SCI-Albion Parole Office,             :
PA Department of Corrections,         :
                    Respondents       :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE P. KEVIN BROBSON, Judge[1]
            HONORABLE CHRISTINE FIZZANO CANNON, Judge


**OPINION NOT REPORTED**


MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER                    FILED:  January 26, 2021


          Presently before the Court is an application filed by David Lusik (Lusik),
pro se, seeking partial summary relief on his Amended Petition for Review in the
Nature of Declaratory and Injunctive Relief (Amended Petition) filed against the
Pennsylvania State Police (PSP).[2]  In his Amended Petition, Lusik challenges the
constitutionality of subchapter I of the most recent enactment of a sexual offender

---

[1] This case was assigned to the opinion writer prior to January 4, 2021 when Judge
Brobson became President Judge.

[2] Lusik originally named the SCI-Albion Parole Office and the PA Department of
Corrections as Respondents.  The Court sustained their preliminary objections and dismissed
them as parties in *Lusik v. Pennsylvania State Police* (Pa. Cmwlth., No. 405 M.D. 2017, filed
October 11, 2019).

registration scheme, Act of June 12, 2018 P.L. 140, No. 29 (Act 29), 42 Pa.C.S. §§ 9799.10-9799.75.[3] Specifically, he claims he is entitled to partial summary relief because he was convicted in July 1994 before any sexual offender registration scheme existed and, therefore, subjecting him to the requirements of Act 29 violates the prohibition against the *ex post facto* application of laws found in the United States and Pennsylvania Constitutions.[4] In support thereof, Lusik cites to this Court's decision in *T.S. v. Pennsylvania State Police*, 231 A.3d 103 (Pa. Cmwlth. 2020) (*T.S. I*). However, because the Pennsylvania Supreme Court recently reversed that decision, citing its own decision in *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020), we must deny Lusik partial summary relief. *T.S. v. Pennsylvania State Police*, 241 A.3d 1091 (Pa. 2020) (*T.S. II*).

Lusik commenced this action in the Court's original jurisdiction in September 2017. Following the filing of preliminary objections, the Court granted Lusik leave to file the Amended Petition to address Act 29, which had been enacted in the interim. As set forth in one of the Court's prior opinions, in his Amended Petition, Lusik now argues

> that [Act 29] is being illegally applied to him because his conviction occurred prior to any of the [sexual offender registration schemes] and that [Act 29] is unconstitutional because it violates *ex post facto* principles, his fundamental right to his reputation, and his right to due process. (Amended Petition ¶¶ 21-22, 26-27, 36.) In particular, Lusik

---

[3] Act 29 amended the Act of February 21, 2018, P.L. 27, No. 10 (Act 10). Act 10 and Act 29 are collectively referred to herein as Act 29.

[4] Article I, Section 17 of the Pennsylvania Constitution provides, "No *ex post facto* law . . . shall be passed." PA. CONST. art. I, § 17. The United States Constitution has two provisions that prohibit *ex post facto* laws, one, contained in Article I, Section 9, Clause 3 of the United States Constitution, U.S. CONST. art. I, § 9, cl. 3, which applies to Congress, and the other, contained in Article I, Section 10, Clause 1 of the United States Constitution, U.S. CONST. art. I, § 10, cl. 1, which applies to the states.

2

alleges that: "[Act 29] has no provision for exemption or [sic] registry or procedure set forth as in prior Megan[']s [L]aw II & III"[4]; its registration requirements are significant and the information acquired is placed on the public website, rather than being available only on request as in past Megan's Laws; this publication results in "face to face shaming worldwide"; and these provisions are "beyond punishment and [are] excessive and violate[] his constitutional rights." (*Id.* ¶¶ 23-25, 34-36.)

> FN 4 Megan's Law I, the Act of October 24, 1995, P.L. 1079 (Spec. Sess. No. 1), was enacted on October 24, 1995, and became effective 180 days thereafter. Megan's Law II, Act of May 10, 2000, P.L. 74, expired December 20, 2012, pursuant to 42 Pa. C.S. § 9799.1, was enacted on May 10, 2000, after Megan's Law I was found to be unconstitutional by our Supreme Court in *Commonwealth v. Williams*, 733 A.2d 593 (Pa. 1999). Our Supreme Court held that some portions of Megan's Law II were unconstitutional in *Commonwealth v. Gomer Williams*, 832 A.2d 962 (Pa. 2003), and the General Assembly responded by enacting Megan's Law III, P.L. 1243, No. 152 (2004), on November 24, 2004. Following the United States Congress's expansion of the public notification requirements of state sexual offender registries in the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. §§ 16901–16945, the General Assembly passed [the Sexual Offender Registration and Notification Act (]SORNA[)].[5] Our Supreme Court struck down Megan's Law III as unconstitutional in *Commonwealth v. Neiman*, 84 A.3d 603, 616 (Pa. 2013).

*Lusik v. Pa. State Police* (Pa. Cmwlth., No. 405 M.D. 2017, filed Oct. 11, 2019), slip op. at 2-3.

---

[5] 42 Pa.C.S. §§ 9799.10-9799.41. Our Supreme Court held that SORNA was unconstitutional in *Commonwealth v. Muniz*, 164 A.3d 1189, 1222 (Pa. 2017), *cert. denied sub nom. Pennsylvania v. Muniz*, 138 S. Ct. 925 (2018).

PSP filed preliminary objections to the Amended Petition, which the Court overruled. *Id.* Prior to the close of the pleadings, Lusik filed a "Partial Application for Summary Relief and Expedited Special Relief to Emergency Preliminary Enjoin [PSP] to Prevent Irreparable and Substantial Harm to [Lusik], and Declaratory Relief" (First Application) in November 2019. Thereafter, PSP filed an Answer and New Matter to the Amended Petition, to which Lusik responded, and an Answer to the First Application. PSP subsequently sought and obtained a stay, pending disposition of this Court's decision in *T.S. I*. While the matter was stayed, Lusik filed what is titled a "Motion for Summary Judg[]ment PA Rule 1035" (Second Application), wherein Lusik again requested partial summary relief in his favor.[6] In June 2020, following the issuance of the Court's decision in *T.S. I*, the stay in this matter was lifted. The parties filed briefs related to the Second Application, which is now ripe for consideration.

In his brief, Lusik argues this matter is controlled by *T.S. I*, wherein this Court held that application of subchapter I of Act 29 to an individual whose conviction occurred prior to the enactment of any sexual offender registration scheme violated the *ex post facto* clause. Similar to the petitioner in *T.S. I*, Lusik argues he was arrested in September 1992 and convicted in 1994, which was "well before any registration laws." (Lusik's Brief (Br.) ¶ 8.) Lusik contends "*T.S. [I] []*

---

[6] Lusik has also filed multiple applications requesting that the Court take judicial notice of various judicial decisions. As the Court does not need to take judicial notice of judicial opinions because they are sources of law upon which a court customarily relies, we deny those applications. Lusik has also filed a "Motion to Admit Eighth Updated Registration to Act 29 Website," which given this Court's disposition, is denied. Finally, pending is a "Motion to Compel Admissions" in which Lusik "moves to compel replies to his admissions to Attorney General." As it appears Lusik is seeking responses to requests for admissions from the Attorney General's Office, which is not a party to this action, we deny that motion as improper.

is on all fours with [Lusik's] case and controls the outcome." (*Id.*) In a preemptory move, Lusik distinguishes *Lacombe* on the basis that the petitioner in that case was convicted after sexual offender registration schemes were in effect. Lusik also argues his due process rights have been violated as there is an irrebuttable presumption that he is at high risk of reoffending, which he has no way to challenge or refute and that the terms of Act 29 are excessive and harmful to his fundamental right to reputation.

PSP responds that

> [s]ubchapter I of Act 29 applies not only to those who committed their offenses between April 22, 1996, and the effective date of SORNA (which, concededly, would not include [Lusik]), but also to those who were required to register under a prior version of Megan's Law and whose period of registration had not expired, which does apply to [Lusik].

(PSP's Br. at 2-3 (citing 42 Pa.C.S. § 9799.55).) Specifically, PSP argues that Lusik was convicted of involuntary deviate sexual intercourse, which was an enumerated offense requiring lifetime registration under Megan's Law II. (*Id.* at 3 (citing former 42 Pa.C.S. § 9795.1).)

In addition, as Lusik anticipated, PSP asserts that *Lacombe* controls this matter. To the extent Lusik attempts to distinguish *Lacombe* on the basis of the date of conviction, PSP argues that "*Lacombe* did not hold that its determination was in any way dependent on the fact that Mr. Lacombe was convicted after Megan's Law was initially enacted." (PSP's Br. at 4.) Instead, PSP argues, "the [Supreme] Court made the straightforward assessment that '[s]ubchapter I does not constitute criminal punishment, and the *ex post facto* claims . . . necessarily fail.'" (*Id.* (quoting *Lacombe*, 234 A.3d at 626-27).) PSP also contends that *Lacombe* is dispositive of Lusik's due process claim, as the Supreme Court stated, in a

5

footnote, that such a claim would be dependent upon a finding that subchapter I was punitive, which the Supreme Court in *Lacombe* held was nonpunitive. (*Id.* (citing *Lacombe*, 234 A.3d at 608 n.5).) Based upon *Lacombe*, PSP argues that Lusik's claim related to the reasonableness of the internet notification requirement is likewise foreclosed by *Lacombe*, which found the provisions were not punitive.

In a reply brief, Lusik reiterates that because he was convicted at a time when there was no sexual offender registration scheme, Act 29 cannot be applied to him because to do so would be punitive and in violation of the *ex post facto* clause.

In considering an application for summary relief, the Court "may grant summary relief where the dispute is legal rather than factual," there are no facts in dispute, and the "right to relief is clear." *Phantom Fireworks Showrooms, LLC v. Wolf*, 198 A.3d 1205, 1220 (Pa. Cmwlth. 2018). Further, the Court must review the record, "in the light most favorable to the opposing party." *Id.* "Even if the facts are undisputed, the moving party has the burden of proving that its right to relief is so clear as a matter of law that summary relief is warranted." *Naylor v. Dep't of Pub. Welfare*, 54 A.3d 429, 431 n.4 (Pa. Cmwlth. 2012).

Here, as PSP posits, the Supreme Court's ruling in *Lacombe* controls. Although Lusik is correct that *Lacombe* is factually distinguishable as the petitioner in that case was convicted at the time a sexual offender registration scheme existed, and *T.S. I* is more on point, the Supreme Court recently reversed this Court's decision in *T.S. I* and made clear that *Lacombe* applies even if the petitioner's conviction predates any such enactment, as Lusik's does. *See T.S. II*. Because the Supreme Court in *Lacombe* held subchapter I was nonpunitive and did

6

not violate the constitutional prohibitions against *ex post facto* laws, we must deny Lusik's request for partial summary relief.

_____

**RENÉE COHN JUBELIRER,** Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Lusik, :
                  Petitioner :
                   :
              v. : No. 405 M.D. 2017
                   :
Pennsylvania State Police, :
SCI-Albion Parole Office, :
PA Department of Corrections, :
              Respondents :

# O R D E R

**NOW**, January 26, 2021, Petitioner David Lusik's request for partial summary relief is **DENIED**. In addition, Lusik's motions asking the Court to take judicial notice of various judicial decisions, filed November 20, 2019, January 27, 2020, June 10, 2020; "Motion to Admit Eighth Updated Registration to Act 29 Website;" and "Motion to Compel Admissions" are **DENIED**.

 

                          _____

                          **RENÉE COHN JUBELIRER,** Judge