# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

R.O.,                                                  :
                          Petitioner                   :
                                                       :
            v.                                         :     No. 256 M.D. 2020
                                                       :     Submitted:  March 19, 2021
Mr. Tyree C. Blocker, State Police                     :
Commissioner,                                          :
                          Respondent                   :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE ELLEN CEISLER, Judge


**OPINION NOT REPORTED**


MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER                          FILED:  May 24, 2021


        Presently before the Court in our original jurisdiction is an application for

summary relief (Application)[1] filed by R.O. (Petitioner) seeking judgment in his

favor on a Petition for Review (Petition) he filed against Mr. Tyree C. Blocker, now-

---

[1] Petitioner actually filed two pleadings:  one postmarked October 20, 2020, and received by the Court on November 6, 2020, titled "Petition for Summary Judg[]ment," and one postmarked November 6, 2020, and received by the Court on November 9, 2020, titled "Motion for Summary Judg[]ment."  Because Petitioner is a pro se inmate, the prisoner mailbox rule applies, and the pleadings are deemed "filed" as of the date they were delivered to the proper prison authority or deposited in the prison mailbox. *Kittrell v. Watson*, 88 A.3d 1091, 1097 (Pa. Cmwlth. 2014). Moreover, as both are substantially the same, we treat them as one.  Furthermore, although titled as a motion and petition, the Court treats it as an application for summary relief under Rule 1532(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1532(b).  For summary relief, the record "is the same as a record for purposes of a motion for summary judgment." *Summit Sch., Inc. v. Dep't of Educ.*, 108 A.3d 192, 195-96 (Pa. Cmwlth. 2015).

former State Police Commissioner (Respondent).  In his pro se Petition, Petitioner challenges the constitutionality of subchapter I of the most recent enactment of a sexual offender registration scheme, Act of June 12, 2018, P.L. 140 (Act 29), 42 Pa.C.S. §§ 9799.10-9799.76.[2]  Specifically, Petitioner alleges he should not be required to register as a sexual offender because the offense of which he was convicted is not a sexual offense; the conviction occurred in 1988, long before any iteration of a sexual offender registration scheme was enacted, so requiring him to register would violate the prohibition against *ex post facto* laws;[3] and requiring him to register as a sexual offender for 10 years extends his sentence without due process of law and in violation of double jeopardy.  Based upon the Pennsylvania Supreme Court's decisions in *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020), and *T.S. v. Pennsylvania State Police*, 241 A.3d 1091 (Pa. 2020) (reversing *T.S. v. Pennsylvania State Police*, 231 A.3d 103 (Pa. Cmwlth. 2020)), we must deny Petitioner's Application.

---

[2] Act 29 amended the Act of February 21, 2018, P.L. 27 (Act 10).  Act 10 and Act 29 are collectively referred to herein as Act 29.  Through Act 29, the General Assembly passed the newest version of a sexual offender registration and notification act in response to the Supreme Court's decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017).  Section 9799.51(b)(4) of Act 29, 42 Pa.C.S. § 9799.51(b)(4).  In subchapter I, the General Assembly also established new registration requirements for:  (1) individuals who committed offenses between April 22, 1996, and December 20, 2012, whose registration period had not expired; and (2) offenders who were required to register under a prior Sexual Offender Registration and Notification Act statute between April 22, 1996, and December 20, 2012, whose registration period had not yet expired.  *See* Section 9799.52 of Act 29, 42 Pa.C.S. § 9799.52.

[3] Article I, section 17 of the Pennsylvania Constitution provides, "No *ex post facto* law . . . shall be passed."  PA. CONST. art. I, § 17.  The United States Constitution has two provisions that prohibit *ex post facto* laws, one, contained in Article I, Section 9, Clause 3 of the United States Constitution, U.S. CONST. art. I, § 9, cl. 3, which applies to Congress, and the other, contained in Article I, Section 10, Clause 1 of the United States Constitution, U.S. CONST. art. I, § 10, cl. 1, which applies to the states.

Petitioner commenced this action in March 2020 by filing the Petition.[4] Therein, Petitioner avers he was convicted in June 1988 of kidnapping. He further avers that because kidnapping is not a sexual offense, he is not required to register under any sexual offender registration scheme. According to Petitioner, applying Act 29 to Petitioner would violate the prohibition against *ex post facto* laws as his offense occurred in 1988 before any sexual offender registration laws were enacted. Thereafter, Respondent filed an Answer and New Matter, to which Petitioner responded. Following the close of the pleadings, Petitioner filed the instant Application. The parties filed their respective briefs, making the Application ripe for consideration.

In his brief in support of the Application, Petitioner reasserts the same arguments he has raised throughout all of his filings related to the constitutionality of requiring him to register.

Respondent responds[5] that Petitioner was convicted of kidnapping involving a minor, which is an enumerated offense under Section 9799.55 of Act 29, 42 Pa.C.S. § 9799.55, requiring registration for a 10-year period. In addition, Respondent argues that the Supreme Court in *Lacombe* held Act 29 is not criminal in nature and does not violate *ex post facto* provisions. Respondent points out that the Supreme Court reaffirmed this holding four months later in *T.S.*, which, while factually different, involved the same legal argument Petitioner asserts here: that Act 29 cannot be applied to a conviction predating any iteration of a sexual offender registration scheme. Respondent further argues that the date of conviction ultimately is irrelevant because the Supreme Court has determined Act 29 is not punitive in

---

[4] Although entitled "Application for Summary Relief," the Court treated it as a petition for review in the Court's original jurisdiction. *See* May 12, 2020 order.

[5] Respondent's arguments have been reordered to correspond with Petitioner's arguments.

nature. Thus, according to Respondent, double jeopardy is not implicated because the registration requirement is not a criminal punishment or sentence, but rather is a civil registration requirement.

In considering an application for summary relief, the Court "may grant summary relief where the dispute is legal rather than factual," there are no facts in dispute, and the "right to relief is clear." *Phantom Fireworks Showrooms, LLC v. Wolf*, 198 A.3d 1205, 1220 (Pa. Cmwlth. 2018). Further, when ruling on an application for summary relief, "we review the record in the light most favorable to the nonmoving party, resolving all doubts as to the existence of disputed material facts against the moving party." *Marcellus Shale Coal. v. Dep't of Env't Prot.*, 216 A.3d 448, 458 (Pa. Cmwlth. 2019). "Even if the facts are undisputed, the moving party has the burden of proving that its right to relief is so clear as a matter of law that summary relief is warranted." *Naylor v. Dep't of Pub. Welfare*, 54 A.3d 429, 431 n.4 (Pa. Cmwlth. 2012). With these principles in mind, we turn to the merits of Petitioner's Application.

We begin first with Petitioner's argument that he is not subject to Act 29, or any sexual offender registration scheme for that matter, because the offense of which he was convicted, kidnapping, is not a sexual offense. Section 9799.55 of Act 29 sets forth the registration requirements for those convicted of certain enumerated offenses. Kidnapping where the victim is a minor is subject to a 10-year registration period. 42 Pa.C.S. § 9799.55(a). This requirement applies to "[i]ndividuals convicted within this Commonwealth of . . . [one of the enumerated offenses] who were required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but

4

before December 20, 2012, whose period of registration has not expired." 42 Pa.C.S. § 9799.55(a)(1)(i)(B).

Although Petitioner only refers to his conviction as one for kidnapping, in his brief, Petitioner seems to acknowledge the victim was a minor. (*See* Petitioner's Brief at 3 (stating "other kids" were in the house).) Moreover, nowhere does Petitioner contest Respondent's assertion that the kidnapping involved a minor. Regardless, even if Petitioner contested that the offense involved a minor, the Court would be constrained to deny him summary relief as there would be a genuine issue of material fact that would preclude such judgment.

As to whether Petitioner was "required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired," 42 Pa.C.S. § 9799.55(a)(1)(i)(B), Petitioner does not dispute that he was incarcerated during this timeframe. Therefore, his period of registration had not yet expired, and Act 29 would apply. However, Petitioner asserts he was not required to register because his conviction occurred prior to any iteration of a sexual offender registration law and applying such a law retroactively to him would violate the prohibition against *ex post facto* laws. In *Lacombe*, the Pennsylvania Supreme Court held Act 29 was nonpunitive and did not violate the *ex post facto* clause. In that case, one of the appellees was convicted in 2014 for offenses occurring between January 2006 and December 2012, which was before the enactment of the Sexual Offender Registration and Notification Act (SORNA),[6] and, obviously, Act 29. The Supreme Court determined that application of Act 29 to the appellees did not "constitute criminal punishment, and the *ex post facto* claims forwarded by [the]

---

[6] 42 Pa.C.S. §§ 9799.10-9799.41.

appellees necessarily fail." *Lacombe*, 234 A.3d at 626-27. Accordingly, the Pennsylvania Supreme Court reversed the trial court's orders, which had relieved the appellees from their duty to comply with subchapter I of Act 29. *Id.* at 627.

Thereafter, in *T.S.*, the Pennsylvania Supreme Court issued a per curiam order determining application of Act 29 to individuals who committed their offenses **prior** to enactment of **any** sexual offender registration scheme, such as Petitioner here, did not violate the *ex post facto* clause. *T.S.*, 241 A.3d at 1091. Therefore, Petitioner is not entitled to summary relief on the basis that Act 29 violates the *ex post facto* prohibition.

In his brief, Petitioner also argues Act 29 violates his due process rights and requiring him to register under Act 29 constitutes double jeopardy. We note that Petitioner does not assert either of these claims in his Petition. Even if he had pleaded such claims, he would not be able to prevail.

In *Lacombe*, the Supreme Court did not address whether the registration requirements would violate due process, stating the due process claim was not before it as it had not been addressed by the trial court in the first instance. *Lacombe*, 234 A.3d at 608 n.5. Nonetheless, the Supreme Court did suggest that such a claim would be dependent upon a finding that subchapter I was punitive, which the Supreme Court determined it was not. *Id.* This is consistent with the Supreme Court's decision in *Commonwealth v. Lee*, 935 A.2d 865 (Pa. 2007), in which the Supreme Court addressed a due process argument, as well as a double jeopardy argument, in relation to what was known as Megan's Law II.[7] There, the Supreme Court held that because the registration, notification, and counseling provisions in Megan's Law II were not punitive, registrants' due process rights were not violated.

---

[7] Act of May 10, 2000, P.L. 74, *formerly* 42 Pa.C.S. §§ 9791-9799.7.

6

*Id.* at 880.  The Supreme Court also noted that the appellees' claims that they were subject to double jeopardy also failed because "[t]h[is] argument[] necessarily proceed[s] from the premise that the complained-of sanctions are punitive as a matter of law." *Id.* at 879 n.30.

Because the Supreme Court in *Lacombe* and *T.S.* held Act 29 did not violate the prohibition against *ex post facto* laws, Petitioner is not entitled to summary relief on his claims that he is not subject to Act 29 or that subjecting him to its requirements violates *ex post facto* prohibitions.  Moreover, given the Supreme Court's conclusion that Act 29 is not punitive, we find Petitioner is not entitled to summary relief in his favor on any due process or double jeopardy claim either.  Accordingly, Petitioner's Application is denied.


_____
**RENÉE COHN JUBELIRER,** Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

R.O.,                                             :
                        Petitioner                :
                                                  :
            v.                                    :   No. 256 M.D. 2020
                                                  :
Mr. Tyree C. Blocker, State Police                :
Commissioner,                                     :
                        Respondent                :

# **O R D E R**

**NOW**, May 24, 2021, Petitioner's Application for Summary Relief, titled as a "Motion for Summary Judg[]ment," is **DENIED**.

_____
**RENÉE COHN JUBELIRER,** Judge