# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

R.O.,                                  :
                    Petitioner    :
                               :
         v.                         :    No. 256 M.D. 2020
                               :    Submitted:  September 30, 2022
Mr. Tyree C. Blocker, State            :
Police Commissioner,                   :
                Respondent    :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                   HONORABLE ANNE E. COVEY, Judge
                   HONORABLE LORI A. DUMAS, Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**      **FILED:  August 28, 2023**

Before the Court are cross-applications for summary relief filed by R.O. (Petitioner) and Mr. Tyree C. Blocker, now former State Police Commissioner (Respondent).  Petitioner commenced this action in the Court's original jurisdiction in March 2020 by filing a pro se Petition for Review,[1] challenging the constitutionality of subchapter I of the most recent enactment of a sexual offender registration scheme, Act of June 12, 2018, P.L. 140, No. 29 (Act 29), 42 Pa.C.S. §§ 9799.10-9799.75.[2]  Therein, Petitioner averred he was convicted in June 1988 of

---

[1] Although entitled "Application for Summary Relief," the Court treated the pleading as a petition for review in the Court's original jurisdiction.  *See* May 12, 2020 order.

[2] Act 29 amended the Act of February 21, 2018, P.L. 27, No. 10 (Act 10).  Act 10 and Act 29 are collectively referred to herein as Act 29.  Through Act 29, the General Assembly passed the newest version of a sexual offender registration and notification act in response to the Supreme

**(Footnote continued on next page…)**

kidnapping, and because kidnapping is not a sexual offense, he is not required to register under any sexual offender registration scheme. According to Petitioner, applying Act 29 to him violates the prohibition against *ex post facto* laws[3] as his offense occurred before any sexual offender registration laws were enacted. Petitioner previously filed an application for summary relief on those bases, which this Court denied in a Memorandum Opinion and Order filed May 24, 2021.[4] (*See* May 24, 2021 Memorandum Opinion and Order.)

Thereafter, Petitioner filed the instant Application for Summary Relief, wherein he asserts because he and the mother of the minor he was convicted of kidnapping were married, he should not have been convicted of kidnapping but rather unlawful restraint of a minor. (Petitioner's Application ¶¶ 1-3; *see also* Petitioner's Brief at 2-3.) In support of his Application, Petitioner attaches to his brief what purportedly is a handwritten letter dated December 28, 1987, from an individual identifying herself as Petitioner's wife, claiming she was drugged and coerced into giving statements against her will to police about Petitioner. Also attached thereto is a divorce decree dated June 1, 1998, from the Court of Common

---

Court's decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017). Section 9799.51(b)(4) of Act 29, 42 Pa.C.S. § 9799.51(b)(4). In subchapter I, the General Assembly also established new registration requirements for: (1) individuals who committed offenses between April 22, 1996, and December 20, 2012, whose registration period had not expired; and (2) offenders who were required to register under a prior Sexual Offender Registration and Notification Act statute between April 22, 1996, and December 20, 2012, whose registration period had not yet expired. *See* Section 9799.52 of Act 29, 42 Pa.C.S. § 9799.52.

[3] Article I, section 17 of the Pennsylvania Constitution provides, "No *ex post facto* law . . . shall be passed." PA. CONST. art. I, § 17. The United States Constitution has two provisions that prohibit *ex post facto* laws, one, contained in Article I, Section 9, Clause 3 of the United States Constitution, U.S. CONST. art. I, § 9, cl. 3, which applies to Congress, and the other, contained in Article I, Section 10, Clause 1 of the United States Constitution, U.S. CONST. art. I, § 10, cl. 1, which applies to the states.

[4] Petitioner filed a notice of appeal of the May 24, 2021 Order, which the Supreme Court administratively closed on September 24, 2021.

Pleas of Crawford County between the individual identified in the letter and Petitioner.

Respondent also filed an Application for Summary Relief. Therein, Respondent argues that, despite Petitioner's assertions to the contrary, Subchapter I of Act 29 applies to Petitioner, and, under Supreme Court precedent, Act 29 does not violate the prohibition against *ex post facto* laws. (Respondent's Application ¶¶ 7-8.) Consistent with this Court's Memorandum Opinion and Order denying Petitioner's prior application for summary relief, Respondent asks this Court to grant his Application.

In considering an application for summary relief, the Court "may grant summary relief where the dispute is legal rather than factual," there are no facts in dispute, and the "right to relief is clear." *Phantom Fireworks Showrooms, LLC v. Wolf*, 198 A.3d 1205, 1220 (Pa. Cmwlth. 2018). Further, when ruling on an application for summary relief, "we review the record in the light most favorable to the nonmoving party, resolving all doubts as to the existence of disputed material facts against the moving party." *Marcellus Shale Coal. v. Dep't of Env't Prot.*, 216 A.3d 448, 458 (Pa. Cmwlth. 2019). "Even if the facts are undisputed, the moving party has the burden of proving that its right to relief is so clear as a matter of law that summary relief is warranted." *Naylor v. Dep't of Pub. Welfare*, 54 A.3d 429, 431 n.4 (Pa. Cmwlth. 2012).

With these principles in mind, we begin with Petitioner's Application. Petitioner argues he should not be subject to the registration requirements because he was married to the victim's mother and, therefore, was not guilty of kidnapping. There are a number of reasons Petitioner's Application cannot succeed. First, it is a collateral attack on a 35-year-old criminal conviction, and this is not the appropriate

forum for challenging that conviction. Second, Petitioner cannot support his application for summary relief through inadmissible hearsay or unverified statements. "An application for summary relief is properly evaluated according to the standards for summary judgment." *Myers v. Commonwealth*, 128 A.3d 846, 849 (Pa. Cmwlth. 2015) (citation omitted). Pennsylvania Rule of Civil Procedure 1035.4 provides:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the signer is competent to testify to the matters stated therein. Verified or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.

Pa.R.Civ.P. 1035.4.

Courts have held that it was not an abuse of discretion for a trial court to refuse to consider unsworn statements. *Welsh v. Nat'l R.R. Passenger Corp.*, 154 A.3d 386, 391 (Pa. Super. 2017).[5] Similarly, "a motion for summary judgment cannot be supported or defeated by statements that include inadmissible hearsay evidence." *Botkin v. Metro. Life Ins. Co.*, 907 A.2d 641, 649 (Pa Super. 2006). The letter Petitioner attaches in support of his application is both unsworn and inadmissible hearsay evidence. Thus, the Court will not consider it. For these reasons, Petitioner's Application is denied.

Turning to Respondent's Application, as set forth in our May 24, 2021 Memorandum Opinion and Order, this matter is controlled by the Supreme Court's

---

[5] In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

decisions in *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020), and *T.S. v. Pennsylvania State Police*, 241 A.3d 1091 (Pa. 2020). Accordingly, we grant Respondent's Application.

_____
**RENÉE COHN JUBELIRER,** President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

R.O.,                                          :
             Petitioner         :
                                               :
       v.                                :   No.  256 M.D. 2020
                                               :
Mr. Tyree C. Blocker, State                    :
Police Commissioner,                           :
            Respondent         :

## **O R D E R**

**NOW**, August 28, 2023, the Application for Summary Relief filed by R.O. is **DENIED**.  The Application for Summary Relief filed by Mr. Tyree C. Blocker, State Police Commissioner (Respondent), is **GRANTED**, and judgment is entered in favor of Respondent.

_____
**RENÉE COHN JUBELIRER,** President Judge