IN THE COMMONWEALTH COURT OF PENNSYLVANIA

A.D.H.,                             :
                    Petitioner      :
                                    :
        v.                          :   No. 315 M.D. 2022
                                    :   Submitted: October 10, 2023
Pennsylvania State Police,          :
                    Respondent      :

BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE DUMAS                                    FILED: June 3, 2024

Presently before this Court, in our original jurisdiction, is an application for summary relief in which A.D.H. (Petitioner), a convicted sexual offender, seeks removal from the sexual offender registry website (Registry) and a declaration that Subchapter I of the Sex Offender Registration and Notification Act[1] (SORNA), 42 Pa.C.S. §§ 9799.10-9799.75, is unconstitutional. Upon review, we deny Petitioner summary relief.

## I. BACKGROUND[2]

In 2010, Petitioner was found guilty of Rape of a Child, Indecent Assault, and Corruption of Minors.[3] He is incarcerated, serving a 13- to 30-year sentence. The Sexual Offender Assessment Board did not find Petitioner to be a

---

[1] Act of February 21, 2018, P.L. 27 No. 10 (Act 10), 42 Pa.C.S. §§ 9799.10-9799.75, *as amended* by the Act of June 12, 2018, P.L. 140 No. 29 (Act 29).

[2] We discern the following facts from Petitioner's petition. *See* Pet. for Rev., 6/6/22.

[3] 18 Pa.C.S. §§ 3121(c), 3126(a)(7), and 6301(a)(1)(ii), respectively.

sexually violent predator (SVP), but Petitioner is subject to registration under Subchapter I of SORNA.

In June 2022, Petitioner *pro se* commenced this litigation, asserting that the General Assembly has utilized an unconstitutional irrebuttable presumption that sexual offenders have a reduced expectation of privacy to justify the registration and reporting requirements set forth in Subchapter I of SORNA.[4] *See generally* Pet. for Rev.[5] Petitioner seeks an order directing the Pennsylvania State Police (PSP) to remove Petitioner's name from the Registry. *See id.* Further, Petitioner seeks a declaration that the Registry provisions in SORNA violate principles of due process, that those provisions are not severable, and that the entirety of Subchapter I is facially unconstitutional. *See id.*

The parties filed responsive pleadings. Thereafter, in August 2022, Petitioner sought summary relief.[6]

---

[4] In its legislative findings and declaration of policy, the General Assembly declared that "[p]ersons found to have committed a sexual offense have a reduced expectation of privacy because of the public's interest in public safety and in the effective operation of government." 42 Pa.C.S. § 9799.51(a)(5).

[5] Although styled as a petition seeking mandamus relief, Petitioner also seeks a declaration that SORNA is facially unconstitutional. *See* Pet. for Rev., Wherefore clause; *see also Taylor v. Pa. State Police*, 132 A.3d 590, 598-600 (Pa. Cmwlth. 2016) (instructing that reviewing courts should not elevate form over substance).

[6] Although PSP has filed a respondent's brief in this matter, PSP did not file a response to Petitioner's application. *See* Pa.R.Civ.P. 1035.3; Pa.R.A.P. 1532(b) (noting the Pennsylvania Rules of Civil Procedure regarding summary relief).

In his application for summary relief, Petitioner expands his prayer for relief, additionally seeking a declaration from this Court that Subchapter H of SORNA is unconstitutional. *See* Appl. for Summ. Relief, 8/19/22, Wherefore clause. Such relief is beyond the scope of Petitioner's petition. *See* Pet. for Rev. Further, Petitioner is not subject to the registration and reporting requirements set forth in Subchapter H. *See* 42 Pa.C.S. § 9799.13; 42 Pa.C.S. § 9799.53. Thus, as noted by PSP, Petitioner lacks standing to challenge the constitutionality of Subchapter H. *See* Resp't's Br. at 8-9. To establish standing, an aggrieved party must establish a substantial, direct, and immediate interest in the outcome of the litigation. *See Fumo v. City of Phila.*, 972 A.2d 487,

## II. ISSUES

Petitioner contends that the General Assembly's legislative finding that sexual offenders have a reduced expectation of privacy constitutes an unconstitutional irrebuttable presumption. *See* Pet'r's Br. at 3. Proceeding from this premise, Petitioner asserts a violation of his rights to due process and freedom from unreasonable searches and seizures. *See id.* Further, according to Petitioner, this presumption is so pervasive throughout the registration and reporting regime that it is not severable, and the entirety of SORNA must be declared unconstitutional. *See id.*

## III. DISCUSSION

This Court may grant an application for summary relief if the party's right to judgment is clear as a matter of law and no material issues of fact are in dispute. *Gregory v. Pa. State Police*, 185 A.3d 1202, 1205 n.5 (Pa. Cmwlth. 2018); Pa.R.A.P. 1532(b). Further, "the moving party has the burden of proving that its right to relief is so clear as a matter of law that summary relief is warranted." *Naylor v. Dep't of Pub. Welfare*, 54 A.3d 429, 431 n.4 (Pa. Cmwlth. 2012), *aff'd*, 76 A.3d 536 (Pa. 2013).

In considering an application for summary relief, the record includes pleadings, depositions, answers to interrogatories, admissions, affidavits, and reports signed by expert witnesses. *Summit Sch., Inc. v. Dep't of Educ.*, 108 A.3d 192, 195-96 (Pa. Cmwlth. 2015). We view the record "in the light most favorable to the nonmoving party, resolving all doubts as to the existence of disputed material facts against the moving party." *Marcellus Shale Coal. v. Dep't of Env't Prot.*, 216 A.3d 448, 458 (Pa. Cmwlth. 2019) (*en banc*).

---

496 (Pa. 2009). Because Subchapter H does not apply to Petitioner, he does not have such an interest.

3

Petitioner asserts that 42 Pa.C.S. § 9799.51(a)(5) creates an irrebuttable presumption that sexual offenders have a reduced expectation of privacy. Pet'r's Br. at 6. According to Petitioner, an individual's privacy interests, enshrined within article I, section 8 of the Pennsylvania Constitution and the Fourth Amendment to the United States Constitution, are entitled to the protections of due process. *See generally id.* at 6-15. However, according to Petitioner, "there exists no mechanism for an individual to challenge [this] irrebuttable presumption . . . through a hearing, grievance process, appellate process or other avenue . . . ." *Id.* at 8. Therefore, Petitioner concludes, Section 9799.51(a)(5) is unconstitutional.[7] *See id.* at 15.

The General Assembly may enact laws that limit constitutional rights to protect the health, safety, and welfare of society. *In re J.B.*, 107 A.3d 1, 14 (Pa. 2014). However, "any restriction is subject to judicial review to protect the constitutional rights of all citizens." *Id.* A party challenging a statute must demonstrate that "the statute clearly, palpably, and plainly violates the Constitution." *Id.*; *Nixon v. Dep't of Pub. Welfare*, 839 A.2d 277, 286 (Pa. 2003).

Essentially, the irrebuttable presumption doctrine safeguards protected interests limited by a statute that presumes that "the existence of one fact [is] statutorily conclusive of the truth of another fact." *In re J.B.*, 107 A.3d at 14. "[I]rrebuttable presumptions are violative of due process where the presumption is deemed not universally true and a reasonable alternative means of ascertaining that presumed fact [is] available." *Id.* at 14-15 (quoting *Dep't of Transp., Bureau of Driver Licensing v. Clayton*, 684 A.2d 1060, 1063 (Pa. 1996)). Thus, the test for an unconstitutional irrebuttable presumption considers whether the presumption (1)

---

[7] PSP rejects Petitioner's argument, reasoning that Section 9799.51(a)(5) constitutes a declaration of policy not subject to statistical or scientific data and, therefore, does not implicate due process. *See* Resp't's Br. at 9-11.

impacts a protected interest but (2) is not universally true, and (3) there are reasonable alternatives to ascertain the presumed fact. *Commonwealth v. Torsilieri*, 232 A.3d 567, 586 (Pa. 2020).

For example, in *In re J.B.*, the Pennsylvania Supreme Court rejected an irrebuttable presumption that juvenile sexual offenders pose a high risk of recidivism and thus held that juvenile offenders' lifetime registration requirements were unconstitutional. 107 A.3d at 20. In reaching this conclusion, the Court recognized (1) offenders have a fundamental right to reputation under the Pennsylvania Constitution,[8] *id.* at 16; (2) scientific evidence suggests that juvenile offenders exhibit low levels of recidivism, *id.* at 17-18; and (3) individualized risk assessment is a reasonable alternative means of ascertaining the risk of juvenile recidivism. *Id.* at 19.

Critically, a challenger must submit evidence to establish that a presumption is not universally true. *See, e.g.*, *id.* at 17-19 (construing scientific and societal evidence suggesting acts of delinquency are a product of impulsivity and sexual curiosity rather than irretrievable depravity); *Torsilieri*, 232 A.3d at 594-96 (remanding for the parties to supplement the record, thus enabling the trial court to evaluate "a consensus of scientific evidence"). This is a factual inquiry that necessarily precludes relief as a matter of law. *See Torsilieri*, 232 A.3d at 596 (observing that the challenger's unrebutted evidence was adequate support for a "colorable argument" but, absent "the benefit of opposing science," insufficient to overturn a legislative determination); *Commonwealth v. Wolf*, 276 A.3d 805, 813

---

[8] *See* Pa. Const. art. I, § 1; *see also, e.g.*, *R. v. Dep't of Pub. Welfare*, 636 A.2d 142, 149 (Pa. 1994).

(Pa. Super. 2022) (with no evidence of record sufficient to demonstrate a scientific consensus, rejecting an offender's request for relief as a matter of law).[9]

Initially, we agree with PSP that the premise of Petitioner's claim is flawed. *See* Resp't's Br. at 9-11. In contrast to sexual offenders' recidivism rates, we find it unlikely that there is scientific consensus proving or disproving whether sexual offenders have a reduced expectation of privacy. Rather, it is a statement of policy in furtherance of the Commonwealth's interest in public safety and effective operation of government. *See In re J.B.*, 107 A.3d at 14; *Nixon*, 839 A.2d at 286; 42 Pa.C.S. § 9799.51(a)(5).

Further, Petitioner has presented no scientific evidence in support of his assertions. *See Wolf*, 276 A.3d at 813; *cf. In re J.B.*, 107 A.3d at 17-19 (finding in the juveniles' favor because they presented evidence that the scientific consensus supported their position). Certainly, absent such evidence, Petitioner cannot establish a clear right to relief as a matter of law. *See Naylor*, 54 A.3d at 431 n.4.

Finally, even if Petitioner could marshal evidence supporting his claim, such evidence would create a material issue of fact, and we would be constrained to view that evidence in the light most favorable to PSP. *See Marcellus Shale Coal.*, 216 A.3d at 458; *Gregory*, 185 A.3d at 1205 n.5; Pa.R.A.P. 1532(b). Thus, under these circumstances, summary relief would be inappropriate.

---

[9] "Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018) (citation omitted).

For these reasons, Petitioner's application for summary relief is denied.[10, 11]

_____
LORI A. DUMAS, Judge

---

[10] Having rejected the premise of Petitioner's request for summary relief, we need not address Petitioner's further arguments challenging Subchapter I of SORNA. *See* Pet'r's Br. at 16-22. We note, however, that Subchapter I does not require the disclosure of offenders' medical information, *see generally* 42 Pa.C.S. § 9799.56, and it is far from clear as a matter of law whether there exists a recognized privacy right in a person's home, work, or school address that would protect this information from disclosure absent a warrant. *See, e.g.*, *Commonwealth v. Duncan*, 817 A.2d 455, 469 (Pa. 2003) (finding no reasonable expectation of privacy in the name and address associated with a bank atm card).

[11] PSP has not filed a cross-application for summary relief. Thus, we lack a procedural vehicle through which to dismiss this action. *See C.M. v. Pa. State Police*, 269 A.3d 1280, 1282 n.3 (Pa. Cmwlth. 2022) (*en banc*).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

A.D.H.,
        Petitioner

        v.

Pennsylvania State Police,
        Respondent

:
:
:
:   No. 315 M.D. 2022
:
:
:
:

# **O R D E R**

AND NOW, this 3rd day of June, 2024, the application for summary relief filed by A.D.H. is DENIED.

 

 

_____

LORI A. DUMAS, Judge