IN THE COMMONWEALTH COURT OF PENNSYLVANIA

A. T. B., III,                                    :
               Petitioner              :
                                        :
            v.                           :   No. 412 M.D. 2022
                                        :   Submitted: July 14, 2023
George Little, Secretary of Department :
of Corrections; and Pennsylvania State :
Police,                                           :
               Respondents             :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge
             HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                    FILED:  April 12, 2024


Presently before this Court, in our original jurisdiction, is an application for summary relief in which A.T.B. (Petitioner), a convicted sexual offender, seeks release from incarceration and an update to his offender classification.[1] Respectively, Petitioner directs these claims to the Department of Corrections (DOC) Secretary George Little and the Pennsylvania State Police (PSP) (collectively, Respondents).  In support of his claims, Petitioner asserts that his conviction for failing to comply with his registration requirements was void *ab initio* following the Pennsylvania Supreme Court's decision in *Commonwealth v. Muniz*,

---

[1] Petitioner proceeds *pro se*.

164 A.3d 1189 (Pa. 2017), *cert. denied*, 138 S. Ct. 925 (2018).[2]  Upon review, we deny Petitioner summary relief.

## I. BACKGROUND[3]

In 2003 or 2004, Petitioner was convicted of "Lewd and Lascivious Molestation."[4]  At some point thereafter, Petitioner was incarcerated in Pennsylvania for failing to comply with his registration requirements.[5]

In August 2022, Petitioner commenced this action, seeking mandamus relief.  Respondents filed an answer and new matter.  Thereafter, Petitioner sought summary relief for his claims.  Appl. for Summ. Relief, 11/4/22.

## II. ISSUES

Petitioner asserts that he should be released from confinement.  *See* Pet'r's Br. at 12-13.  Petitioner also seeks an order directing PSP to correct Petitioner's sexual offender classification.  *See id.* at 14-15.

## III. DISCUSSION

This Court may grant an application for summary relief if the party's right to judgment is clear as a matter of law and no material issues of fact are in

---

[2] In *Muniz*, a plurality of the Supreme Court determined that the retroactive application of the Sex Offender Registration and Notification Act (SORNA I), Act of December 20, 2011, P.L. 446, No. 111, *as amended*, *formerly* 42 Pa.C.S. §§ 9799.10 to 9799.41, violated constitutional prohibitions against *ex post facto* laws.  *Muniz*, 164 A.3d at 1193, 1223.  Following the Supreme Court's decision in *Muniz*, the General Assembly passed Acts 10 and 29 of 2018 (collectively, SORNA II).  *See* Act of Feb. 21, 2018, P.L. 27, No. 10 (Act 10), *as amended by* Act of June 12, 2018, P.L. 140, No. 29 (Act 29).

[3] Petitioner has not pleaded robustly.  Nevertheless, we derive the following facts from Petitioner's petition.  *See* Pet. for Rev., 8/5/22.

[4] We infer that Petitioner was convicted in Florida.  *See* Fla. Stat. Ann. § 800.04(5) (West 2000).  Petitioner alleges that this conviction occurred in 2004, while Respondents assert that this occurred in 2003.  *Compare* Pet. for Rev., ¶ 8, *with* Resp'ts' Br. at 1.  Whether Petitioner's conviction occurred in 2003 or 2004 is not outcome determinative.

[5] *See* 18 Pa.C.S. § 4915.1(a)(1).  Although unclear from Petitioner's petition, this may have occurred in 2014.  *See* Resp'ts' Br. at 2 n.2, Pet'r's Reply Br. at 1.

2

dispute. *Gregory v. Pa. State Police*, 185 A.3d 1202, 1205 n.5 (Pa. Cmwlth. 2018); Pa.R.A.P. 1532(b). Further, "the moving party has the burden of proving that its right to relief is so clear as a matter of law that summary relief is warranted." *Naylor v. Dep't of Pub. Welfare*, 54 A.3d 429, 431 n.4 (Pa. Cmwlth. 2012), *aff'd*, 76 A.3d 536 (Pa. 2013).

In considering an application for summary relief, the record includes pleadings, depositions, answers to interrogatories, admissions, affidavits, and reports signed by expert witnesses. *Summit Sch., Inc. v. Dep't of Educ.*, 108 A.3d 192, 195-96 (Pa. Cmwlth. 2015). We view the record "in the light most favorable to the nonmoving party, resolving all doubts as to the existence of disputed material facts against the moving party." *Marcellus Shale Coal v. Dep't of Env't Prot.*, 216 A.3d 448, 458 (Pa. Cmwlth. 2019) (*en banc*).

In this case, there are no material facts in dispute. Thus, we consider whether Petitioner's right to relief is clear as a matter of law. *Gregory*, 185 A.3d at 1205 n.5; Pa.R.A.P. 1532(b).

Petitioner seeks mandamus relief for his claims. "The common law writ of mandamus lies to compel a public official's performance of a ministerial act or a mandatory duty." *Chadwick v. Dauphin Cnty. Off. of Coroner*, 905 A.2d 600, 603 (Pa. Cmwlth. 2006). "To prevail in a mandamus action, the petitioner must demonstrate: a clear legal right for performance of an act by the government; a corresponding duty in the government to perform the ministerial act and mandatory duty; and the absence of any other appropriate or adequate remedy." *T.L.P. v. Pa. State Police*, 249 A.3d 1, 7 (Pa. Cmwlth.), *aff'd*, 269 A.3d 1227 (Pa. 2021). "[T]he purpose of mandamus is not to establish legal rights, but to enforce rights [that] are

3

already established." *Robinson v. Pa. Parole Bd.*, 306 A.3d 969, 973 (Pa. Cmwlth. 2023) (alterations in original) (citation omitted).

## A. A Challenge to the Legality of Sentence Does Not Sound in Mandamus

In his first claim, Petitioner seeks release from his confinement. On the surface, this claim appears to be a mandamus claim. *See* Pet'r's Br. at 12-13. According to Petitioner, DOC Secretary Little must release Petitioner because the criminal statute predicating his conviction was void *ab initio* and, thus, cannot be the basis for his confinement. *See id.* Respondents reject this claim as an inappropriate collateral attack on Petitioner's conviction. *See* Resp'ts' Br. at 3-4.

When considering petitions brought in our original jurisdiction, "[a]ctions brought in the wrong form should . . . be regarded as having been filed in the proper form[.]" *Taylor v. Pa. State Police*, 132 A.3d 590, 600 (Pa. Cmwlth. 2016) (*en banc*) (quoting *Auditor Gen. v. Borough of E. Washington*, 378 A.2d 301, 304 (Pa. 1977)). In other words, the substance of the claim is more determinative than the form of the claim. *See id.* at 597-600 (considering a nominal mandamus petition as a request for declaratory and injunctive relief because of the substance of the petition).

The title of his petition suggests that Petitioner seeks mandamus relief. *See* Pet. for Rev. Further, Petitioner requests an order from this Court directing DOC Secretary Little to release him from confinement. *See id.*, Wherefore clause. Finally, Petitioner insists that he is not challenging his "conviction or sentence, nor is he calling into question the reliability of the truth-determining process[,]" but rather he is challenging his "confinement." *Id.*, ¶ 11 (emphasis removed). Nevertheless, despite the form adopted by Petitioner and his assertions to the contrary, Petitioner has challenged the legality of his sentence.

4

Our Supreme Court has recognized four categories of challenges implicating the legality of a sentence, one of which is a claim that "the statutory support for the underlying conviction is void *ab initio*."[6] *Commonwealth v. Prinkey*, 277 A.3d 554, 563 (Pa. 2022) (citing *Commonwealth v. McIntyre*, 232 A.3d 609, 616 (Pa. 2020)). "[C]hallenges to the legality of a sentence fall within the purview of the [Post Conviction Relief Act (PCRA)]."[7] *Id.* at 560; *see* 42 Pa.C.S. § 9543. Further, it is well settled that issues cognizable under the PCRA must be raised in a timely PCRA petition. *Commonwealth v. Peterkin*, 722 A.2d 638, 640-41 (Pa. 1998).

Here, Petitioner seeks an order directing his release from confinement. According to Petitioner, Section 4915.1(a)(1) of the Crimes Code, 18 Pa.C.S. § 4915.1(a)(1), was rendered void *ab initio* following the Pennsylvania Supreme Court's decision in *Muniz. See* Pet. for Rev., ¶¶ 6-9, 11. This claim does not sound in mandamus; substantively, it is a challenge to the legality of his sentence and cognizable under the PCRA. *See Prinkey*, 277 A.3d at 563; *Taylor*, 132 A.3d at 600. Accordingly, Petitioner must bring a timely PCRA petition and is not entitled to summary relief.[8] *See Peterkin*, 722 A.2d at 640-41; *Gregory*, 185 A.3d at 1205 n.5; *Naylor*, 54 A.3d at 431 n.4.

---

[6] This category of challenging the legality of a sentence "is distinct from the others inasmuch as it implicates the validity of the conviction." *Prinkey*, 277 A.3d at 563. This category of claims is still considered a challenge to the legality of the sentence because "a conviction is the essential supporting infrastructure for a sentence, . . . 'illegality' with respect to the former extends to the latter as well. The alternative is for courts to accept as legal a sentence which is grounded upon an illegal conviction." *Id.* (cleaned up) (quoting *Commonwealth v. Spruill*, 80 A.3d 453, 464 (Pa. 2013) (Saylor, J., concurring)).

[7] 42 Pa.C.S. §§ 9541–9546.

[8] We note that Petitioner has brought similar claims under the PCRA unsuccessfully. *See Commonwealth v. A.T.B.* (Pa. Super., No. 628 EDA 2019, filed Oct. 21, 2019), slip op. at 1 (*A.T.B. I*); *Commonwealth v. A.T.B.* (Pa. Super., No. 166 EDA 2023, filed July 6, 2023), slip op. at 2

## B. Petitioner is Not a Tier I Offender

In his second claim, Petitioner seeks an order directing PSP to correct his sexual offender classification. *See* Pet'r's Br. at 14-15, 17. According to Petitioner, his conviction for lewd and lascivious molestation requires that he "be reclassified as a Tier I offender under SORNA II."[9] Pet. for Rev., ¶ 10. Respondents reject this claim, asserting that "to the extent that Petitioner discusses Subchapter H, he is not subject to Subchapter H, but [rather] Subchapter I . . . ." Resp'ts' Br. at 4.

SORNA II is divided into two distinct subchapters. Subchapter H applies to "individuals who committed a sexually violent offense on or after December 20, 2012, for which the individual was convicted." 42 Pa.C.S. § 9799.11(c). Subchapter I applies to individuals who committed a sexually violent offense "on or after April 22, 1996, but before December 20, 2012," and whose period of registration has not yet expired or whose registration requirements under a former sexual offender registration law have not expired. 42 Pa.C.S. § 9799.52.

---

(*A.T.B. II*). Both PCRA petitions were dismissed by the trial court as untimely, and the Superior Court affirmed. *See A.T.B. I*, slip op. at 1-3; *A.T.B. II*, slip op. at 1-3. In both of those cases, Petitioner claimed that he was entitled to relief under *Muniz*, and in his most recent PCRA petition he specifically advanced the same argument he asserts here—that Section 4915.1(a)(1) of the Crimes Code was void *ab initio* and therefore his sentence is illegal. *See A.T.B. I*, slip op. at 1-3; *A.T.B. II*, slip op. at 2-3.

[9] Petitioner's reasoning and precise prayer for relief has shifted over the course of this litigation. *Compare* Pet. for Rev., ¶ 10 (asserting that his sexual offense requires that "he be reclassified as a Tier I offender under SORNA II"), *with* Appl. for Summ. Relief, Wherefore clause (more generally seeking the correction of his "registration requirements and obligations"), *and* Pet'r's Br. at 15 (arguing that "to the best of his knowledge, [he] remains registered under a statute [that] is inoperable to him"), *and* Pet'r's Reply Br. at 2 (same, but further conceding that Subchapter I is constitutional). We note that an application for summary relief is akin to a motion for judgment on the pleadings. *Pa. Indep. Oil & Gas Ass'n v. Dep't of Env't Prot.*, 146 A.3d 820, 821 n.3 (Pa. Cmwlth. 2016), *aff'd*, 161 A.3d 949 (Pa. 2017) (citing Pa.R.A.P. 1532 note). When ruling, the Court may only consider the pleadings themselves and any documents properly attached thereto. *Id.*

Petitioner was convicted of a sexually violent offense in 2003 or 2004. He is not subject to the registration and reporting requirements set forth in Subchapter H, nor will he be placed in its tier system. Rather, Petitioner is subject to requirements of Subchapter I. *See* 42 Pa.C.S. § 9799.52. Thus, Petitioner has not established a clear right to the relief requested.[10] *See Gregory*, 185 A.3d at 1205 n.5; *Naylor*, 54 A.3d at 431 n.4.

## IV. CONCLUSION

Petitioner has not established a clear right to release from incarceration because his claim is a challenge to the legality of his sentence, which is cognizable only under the PCRA. *See Peterkin*, 722 A.2d at 640-41; *Prinkey*, 277 A.3d at 563. Further, he is not entitled to reclassification under Subchapter H of SORNA II because he will be subject to the requirements set forth in Subchapter I. *See* 42 Pa.C.S. § 9799.52. Accordingly, Petitioner's application for summary relief is denied.[11] *See Gregory*, 185 A.3d at 1205 n.5; *Naylor*, 54 A.3d at 431 n.4.

LORI A. DUMAS, Judge

---

[10] We note that DOC will collect all registration information from Petitioner no later than 10 days prior to the maximum expiration date of his incarceration and forward that information to PSP. 42 Pa.C.S. § 9799.56(a)(4). Because Petitioner was not convicted of a Pennsylvania offense, PSP is required to determine the Pennsylvania crime that is similar to his Florida offense. *See Konyk v. Pa. State Police*, 183 A.3d 981, 986-87 (Pa. 2018) (noting the limited circumstances in which PSP's role is adjudicatory, not ministerial); *see also* 42 Pa.C.S. § 9799.55. PSP will notify Petitioner of his registration requirements. *See* 42 Pa.C.S. § 9799.67(7).

[11] Although we deny Petitioner summary relief, we may not dismiss his petition for review. *See C.M. v. Pa. State Police*, 269 A.3d 1280, 1282 n.3 (Pa. Cmwlth. 2022) (*en banc*) (declining to enter summary relief in favor of PSP where PSP did not properly file an application for summary relief).

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

A. T. B., III,                          :
                Petitioner    :
                              :
         v.                        :   No. 412 M.D. 2022
                              :
George Little, Secretary of Department   :
of Corrections; and Pennsylvania State   :
Police,                                 :
             Respondents   :

# **O R D E R**

AND NOW, this 12th day of April, 2024, the application for summary relief filed by A.T.B. on November 4, 2022, is DENIED.

                                            
                               LORI A. DUMAS, Judge