# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

D. L.,                                    :
               Petitioner        :
                                    :
               v.                 :    No. 405 M.D. 2017
                                      :    Submitted:  September 11, 2025
Pennsylvania State Police,                :
SCI-Albion Parole Office, PA              :
Department of Corrections,                :
               Respondents       :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE MICHAEL H. WOJCIK, Judge (P.)
                HONORABLE MATTHEW S. WOLF, Judge


<u>OPINION NOT REPORTED</u>


MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER      FILED:  February 2, 2026

Presently before the Court, in our original jurisdiction, are cross-applications for summary relief filed by both D. L. (Petitioner) and Pennsylvania State Police (PSP).  In addition, before the Court are numerous other applications filed by Petitioner, specifically:  (1) a February 17, 2022 application seeking to introduce an expert report by Dr. Kelly M. Socia; (2) a March 31, 2022 application seeking to introduce an article on the constitutional right to reputation; (3) a November 23, 2022 "Motion for Praecipe to Enter Summary Relief" based on a trial court's decision in another matter finding Pennsylvania's sexual offender registration scheme was unconstitutional;[1] and (4) a November 30, 2022 application related to a rejected

---

[1] *See Commonwealth v. Torsilieri* (C.C.P. Chester, No. CP-15-CR-0001570-2016, filed August 23, 2022).

home plan. As this matter is controlled by Supreme Court precedent, we deny Petitioner summary relief and, instead, grant summary relief in favor of PSP.

## I. BACKGROUND

Petitioner initiated this matter in our original jurisdiction by filing a Petition for Review in September 2017 challenging a prior version of a sexual offender registration scheme as violating the prohibition against *ex post facto* application of laws found in the United States and Pennsylvania Constitutions[2] because he was convicted in July 1994, which was before any sexual offender registration scheme existed. Following the filing of preliminary objections and the most recent enactment of a sexual offender registration scheme, namely the Act of June 12, 2018, P.L. 140, No. 29, 42 Pa.C.S. §§ 9799.10-9799.75, which is commonly referred to as Act 29,[3] we granted leave of court for Petitioner to file an Amended Petition for Review (Amended Petition) to address Subchapter I of Act 29. In the Amended Petition, which is the operative petition for review, Petitioner argues

> that [Act 29] is being illegally applied to him because his conviction occurred prior to any of the [sexual offender registration schemes] and that [Act 29] is unconstitutional because it violates *ex post facto* principles, his fundamental right to his reputation, and his right to due process. (Amended Petition ¶¶ 21-22, 26-27, 36.) In particular, [Petitioner] alleges that: "[Act 29] has no provision for exemption or [sic] registry or procedure set forth as in prior Megan[']s [L]aw II [and] III"[4]; its registration requirements are significant and the

---

[2] Article I, section 17 of the Pennsylvania Constitution provides, "No *ex post facto* law . . . shall be passed." PA. CONST. art. I, § 17. The United States Constitution has two provisions that prohibit *ex post facto* laws, one, contained in Article I, Section 9, Clause 3 of the United States Constitution, U.S. CONST. art. I, § 9, cl. 3, which applies to Congress, and the other, contained in Article I, Section 10, Clause 1 of the United States Constitution, U.S. CONST. art. I, § 10, cl. 1, which applies to the states.

[3] Act 29 amended the Act of February 21, 2018, P.L. 27, No. 10 (Act 10). Act 10 and Act 29 are collectively referred to herein as Act 29.

information acquired is placed on the public website, rather than being available only on request as in past Megan's Laws; this publication results in "face to face shaming worldwide"; and these provisions are "beyond punishment and [are] excessive and violate[] his constitutional rights." (*Id.* ¶¶ 23-25, 34-36.)

> [FN 4] Megan's Law I, the Act of October 24, 1995, P.L. 1079 (Spec. Sess. No. 1), was enacted on October 24, 1995, and became effective 180 days thereafter. Megan's Law II, Act of May 10, 2000, P.L. 74, expired December 20, 2012, pursuant to 42 Pa. C.S. § 9799.1, was enacted on May 10, 2000, after Megan's Law I was found to be unconstitutional by our Supreme Court in *Commonwealth v. Williams*, 733 A.2d 593 (Pa. 1999). Our Supreme Court held that some portions of Megan's Law II were unconstitutional in *Commonwealth v. Gomer Williams*, 832 A.2d 962 (Pa. 2003), and the General Assembly responded by enacting Megan's Law III, P.L. 1243, No. 152 (2004), on November 24, 2004. Following the United States Congress's expansion of the public notification requirements of state sexual offender registries in the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. §§ 16901–16945, the General Assembly passed [the Sexual Offender Registration and Notification Act (]SORNA[)].[4] Our Supreme Court struck down Megan's Law III as unconstitutional in *Commonwealth v. Neiman*, 84 A.3d 603, 616 (Pa. 2013).

*Lusik v. Pa. State Police* (Pa. Cmwlth., No. 405 M.D. 2017, filed Oct. 11, 2019), slip op. at 2-3 (*Lusik I*).

Similar to what it did in response to the original Petition for Review, PSP filed preliminary objections to the Amended Petition, which the Court overruled in

---

[4] 42 Pa.C.S. §§ 9799.10-9799.41. Our Supreme Court held that SORNA was unconstitutional in *Commonwealth v. Muniz*, 164 A.3d 1189, 1223 (Pa. 2017) (plurality), *cert. denied sub nom.*, *Pennsylvania v. Muniz*, 583 U.S. 1107 (2018).

*Lusik I*.[5]  Thereafter, Petitioner sought partial summary relief, asserting this matter was controlled by *T.S. v. Pennsylvania State Police*, 231 A.3d 103 (Pa. Cmwlth. 2020) (*T.S. I*), where we held application of Subchapter I of Act 29 to an individual whose conviction occurred prior to enactment of any sexual offender registration scheme violated the *ex post facto* clause.  However, in *T.S. v. Pennsylvania State Police*, 241 A.3d 1091 (Pa. 2020) (*T.S. II*), the Pennsylvania Supreme Court reversed our decision, citing its own decision in *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020).  Accordingly, based on *T.S. II* and *Lacombe*, we denied Petitioner partial summary relief.  *Lusik v. Pa. State Police* (Pa. Cmwlth., No. 405 M.D. 2017, filed Jan. 26, 2021), slip op. at 6-7 (*Lusik II*).

In June 2021, PSP filed its own application for summary relief, followed by Petitioner's cross-application in September 2021.  Following briefing by the parties, Petitioner filed his February 17, 2022 application seeking to introduce the expert report of Dr. Socia and his March 31, 2022 application seeking to introduce an article on the constitutional right to reputation in support of his request for summary relief.  The Court deferred ruling on the applications and instead stayed this matter pending resolution of *Commonwealth v. Torsilieri*, which was at that time before the Court of Common Pleas of Chester County (Chester County trial court) following remand by the Supreme Court in *Commonwealth v. Torsilieri*, 232 A.3d 567 (Pa. 2020) (*Torsilieri I*).  *See* April 25, 2022 Order.  On November 23, 2022, while this matter was still stayed, Petitioner filed his "Motion for Praecipe to Enter Summary Relief" based upon the Chester County trial court's August 23, 2022 remand decision in

---

[5] Petitioner originally named SCI-Albion Parole Office and the PA Department of Corrections as respondents.  Like PSP, those respondents filed preliminary objections to the Amended Petition, which we sustained in *Lusik I*.  Accordingly, the Amended Petition was dismissed as to them.

*Torsilieri*, which found Pennsylvania's sexual offender registration scheme was unconstitutional. On November 30, 2022, Petitioner filed another application, this one related to a rejected home plan. However, as the Commonwealth had appealed the Chester County trial court's decision in *Torsilieri*, we again deferred ruling on any of the pending applications and continued the stay of this matter pending resolution of the *Torsilieri* appeal. *See* December 9, 2022 Order.

On May 31, 2024, the Pennsylvania Supreme Court issued its decision in that appeal. *Commonwealth v. Torsilieri*, 316 A.3d 77 (Pa. 2024) (*Torsilieri II*). Consequently, we lifted the stay in the instant matter and provided the parties the opportunity to file supplemental memoranda of law on the applicability and/or impact of *Torsilieri II*. Both Petitioner and PSP filed supplemental memoranda, rendering the cross-applications for summary relief and Petitioner's various applications ripe for consideration.

## II. CROSS-APPLICATIONS

Both parties assert that they are entitled to judgment as a matter of law. Petitioner asserts he is entitled to summary relief in his favor for a number of reasons. He first claims his rights are being violated as he is being subjected to registration requirements that post-date his conviction. He disputes that *Lacombe* controls this case, asserting the individual there was convicted after the enactment of a sexual offender registration scheme, whereas here his conviction predates any such enactment. Petitioner also argues Act 29 is punitive, denies individuals their right to procedural due process by not providing them with the opportunity to rebut the presumption of recidivism before being placed on the registry, and denies them substantive due process because Act 29 does not advance legitimate governmental purposes. For support, he cites a decision of the United States Court of Appeals for

5

the Third Circuit, *E.B. v. Verniero*, 119 F.3d 1077 (3d Cir. 1997), explaining that although the court there found New Jersey's sexual offender registration scheme largely constitutional, that statute was distinguishable from Act 29. For instance, he argues the New Jersey statute did not make registration information public like Act 29, and it classified offenders at various levels of risk of recidivism, whereas Act 29 creates an irrebuttable presumption of high recidivism for all offenders. Petitioner argues empirical evidence shows the risk of recidivism is low and that he should be able to present evidence to this effect. According to Petitioner, the Supreme Court's decision in *Torsilieri II* left the status of Act 29 uncertain since it vacated the trial court's order.[6] Finally, Petitioner asserts there was a "dual [d]ue process and [Fourth] Amendment[7] violation in that the public can monitor and track (electronically) his whereabouts every time he changes a job, a school, or a residence." (Pet'r's Br. at 19 (unnumbered).)

PSP argues the Supreme Court's decision in *Lacombe* controls and its decision in *Torsilieri II* only bolsters PSP's position. PSP asserts Petitioner is required to register, notwithstanding that his conviction occurred prior to enactment of any sexual offender registration scheme in Pennsylvania. It also asserts retroactive application of Act 29 does not violate the prohibition against *ex post facto* laws,

---

[6] This is a misstatement of the Supreme Court's disposition in *Torsilieri II*. The Supreme Court reversed the Chester County trial court's order.

[7] The Fourth Amendment of the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV.

which was the Supreme Court's holding in *Lacombe*. According to PSP, *Lacombe* also forecloses any due process claim that Petitioner may be asserting. PSP maintains *Verniero* does not provide Petitioner relief because the Pennsylvania Supreme Court has already held that Act 29, which disseminates sexual offender information on the internet, is not punitive. It also argues there is no irrebuttable presumption of recidivism because the duty to register is not based on risk of reoffending but on conviction of a delineated offense; thus, due process is not implicated. Further, PSP asserts Petitioner has not met his burden of showing that the General Assembly's findings as to recidivism are wrong. Whether Petitioner is likely to reoffend is immaterial, in PSP's view. To the extent Petitioner is now trying to assert a Fourth Amendment claim, PSP responds that claim is waived as Petitioner did not raise it in his Amended Petition or adequately develop the issue in Petitioner's passing reference to it in his brief. It also asserts that Petitioner has not demonstrated how his reputation was harmed. Finally, PSP argues that it is entitled to sovereign immunity against any claim of harm to Petitioner's reputation.

## III.  DISCUSSION

As a preliminary matter, the Court "may grant summary relief where the dispute is legal rather than factual," there are no material facts in dispute, and the "right to relief is clear." *Phantom Fireworks Showroom, LLC v. Wolf*, 198 A.3d 1205, 1220 (Pa. Cmwlth. 2018). When reviewing the record, we must view it in the light most favorable to the non-moving party. *Id.* Even when there are no disputed facts, the moving party bears the burden of showing "its right to relief is so clear as a matter of law that summary relief is warranted." *Naylor v. Dep't of Pub. Welfare*, 54 A.3d 429, 431 n.4 (Pa. Cmwlth. 2012).

7

Act 29 is divided into two subchapters, Subchapter H and Subchapter I, and which subchapter applies depends on when the registration requirement was triggered. "Subchapter H governs those whose offenses occurred after December 20, 2012. Subchapter I applies to those whose offenses were completed prior to that date." *Commonwealth v. Santana*, 266 A.3d 528, 530 n.7 (Pa. 2021). Because Petitioner's conviction occurred before December 20, 2012, Subchapter I of Act 29 would apply to Petitioner. Petitioner argues it does not apply to him because his conviction predates enactment of any sexual offender registration scheme in the Commonwealth. However, we previously rejected this same argument in *Lusik II*, explaining that *Lacombe* controls this issue. *Lusik II*, slip op. at 6. We also previously rejected Petitioner's claim that *Lacombe* was distinguishable since the petitioner there was convicted after a sexual offender registration scheme was enacted, explaining that the Supreme Court's decision in *T.S. II* "made clear that *Lacombe* applies even if the petitioner's conviction predates any such enactment, as [Petitioner's] does." *Id.* We further explained that the Supreme Court in *Lacombe* determined Subchapter I of Act 29, which is applicable to Petitioner, was not punitive and did not violate the prohibition against *ex post facto* laws. *Id.* at 6-7. Thus, as we did in *Lusik II*, we must deny Petitioner's present request for summary relief on these bases.

Our inquiry does not end here, though, as Petitioner asserts other bases for relief. In particular, Petitioner argues Act 29 violates his due process rights. This claim, however, is likewise foreclosed by the Supreme Court's holding in *Lacombe* because a due process claim is necessarily predicated on a finding that Subchapter I is punitive, which the *Lacombe* Court said was not. *Lacombe*, 234 A.3d at 608 n.5 (explaining that although the petitioner there did not properly raise the due process

issue, it "would fail in any event" "given [its] ultimate holding that Subchapter I is nonpunitive").

Curiously, Petitioner cites the Third Circuit's opinion in *Verniero* for support although the Third Circuit there largely determined New Jersey's sexual offender registration scheme was constitutional,[8] a fact acknowledged by Petitioner. However, Petitioner seeks to draw a distinction between New Jersey's statute and Act 29, explaining that New Jersey law did not make registration information public like Act 29, which disseminates it online. As stated above, our Supreme Court has already held Act 29 is not punitive, notwithstanding its mandated publication of registration information. *Lacombe*, 234 A.3d at 605. Thus, Petitioner's due process arguments also do not support entry of summary relief in Petitioner's favor.

Petitioner also challenges what he calls an irrebuttable presumption that sexual offenders pose a higher risk of recidivism. He argues the statute is "not founded on empirical evidence, but notions associated with high profile cases where the offender was unknown to the victim." (Pet'r's Br. at 7 (unnumbered).) He argues he should have been provided an opportunity to present evidence to rebut this presumption before being placed on the registry but instead the General Assembly determined that sexual offenders across the board pose a high risk of repeating. According to Petitioner, multiple studies, which he references and/or appends to his filings, show the risk of recidivism is not high.[9] He also points to the Chester County trial court's findings in *Torsilieri* for support.

---

[8] Specifically, the Third Circuit concluded New Jersey's statute did not violate the *ex post facto* prohibition or constitute double jeopardy. However, it held provisions which required notification by offenders in certain tiers as violative of due process because the offenders did not have an opportunity to challenge their classification.

[9] In many instances, Petitioner simply provides a last name and a year or some other generic reference to an article or report, rendering it impossible to locate the authority. In other instances, **(Footnote continued on next page…)**

9

Recently, in *Torsilieri II*, the Supreme Court considered whether the presumption in Subchapter H of Act 29 was unconstitutionally irrebuttable with respect to adult offenders.[10] That presumption, set forth in the General Assembly's legislative findings, states "[s]exual offenders pose a high risk of committing additional sexual offenses and protection of the public from this type of offender is a paramount governmental interest." 42 Pa.C.S. § 9799.11(a)(4). The Supreme Court determined the registrant there did not satisfy his burden of establishing that the presumption was "not universally true." *Torsilieri II*, 316 A.3d at 99.[11] In doing so, the Supreme Court rejected the registrant's assertion that Subchapter H was

_____

he attaches an excerpt or a full article or report from an unidentified source. He also attaches purported copies of reports of his participation in the TAP Program at Assessment and Treatment Alternatives, which provides evaluation and treatment services for sexual offenders.

In addition, in his February 17, 2022 application, Petitioner seeks to introduce an expert report by Dr. Socia. Although the report was submitted long after the applications for summary relief were filed and after PSP filed its reply brief, because PSP does not appear to object to it, we will grant the application to admit it. However, as discussed, *infra*, the report does not aid in Petitioner's claim.

We also grant his March 31, 2022 application seeking to introduce an article on the constitutional right to reputation and his November 30, 2022 application related to a rejected home plan to the extent they are relevant to his claims.

Finally, Petitioner points to the findings of the Chester County trial court for support, but that decision was reversed in *Torsilieri II*. Since that was also the basis of his November 23, 2022 "Motion for Praecipe to Enter Summary Relief," we dismiss that application as moot.

[10] In *In re J.B.*, 107 A.3d 1 (Pa. 2014), the Supreme Court found the presumption denied juveniles due process because it impaired their right to reputation.

[11] Whether the presumption is universally true is the second prong of the irrebuttable presumption doctrine. The first is whether there is a protected interest, and the second is whether there are "reasonable alternative means to ascertain the presumed fact." *Torsilieri II*, 316 A.3d at 96. The Supreme Court focused its analysis on the second prong, noting the parties did "not meaningfully dispute that the right to reputation is protected by the due process clause and that the designation as a sexual offender, based upon a presumption of posing a high risk of recidivism, impacts one's right to reputation." *Id.* at 97 n.13. Given its disposition of the second prong, it did not reach the third prong, but noted it previously found the third prong satisfied since there was a mechanism for the "individualized assessment of adult sexual offenders as sexually violent predators." *Id.* (citing *In re J.B.*, 107 A.3d 1 (Pa. 2014)).

unconstitutional since it did not take into account individualized recidivism risk. *Id.* Rather, it held to meet the burden, the registrant had to show "that there exists a scientific consensus that sexual offenders pose no greater risk of committing additional sexual crimes than other groups not subject to similar registration laws." *Id.* at 98-99. Stated another way, "[t]o overturn the legislative presumption that sex offenders are more likely as a group to commit new sex offenses, we must conclude that there is a universal consensus that this presumption is wrong," and "mere disagreement among experts" was insufficient to do so. *Id.* at 99. Because the registrant's "own experts concede[d] that adult sexual offenders reoffend at a rate of at least three times higher than other individuals convicted of non-sexual offenses," the Supreme Court determined the evidence actually validated the legislative findings. *Id.* Therefore, it concluded the registrant did not meet his burden of establishing the presumption was unconstitutional.

Subchapter I of Act 29 sets forth a presumption similar to the one in Subchapter H, which the Supreme Court found was not constitutionally infirm in *Torsilieri II*. Subchapter I's presumption provides: "[S]exually violent predators and offenders pose a high risk of engaging in further offenses even after being released from incarceration or commitments, and protection of the public from this type of offender is a paramount governmental interest." 42 Pa.C.S. § 9799.51(a)(2). To challenge the presumption, Petitioner seeks to incorporate the evidence set forth by the registrant in *Torsilieri II*. (*See* Pet'r's Suppl. Mem. of Law at 9 (unnumbered).) Petitioner also separately presents a report by Dr. Socia. However, the report does not address the relevant inquiry as set forth by the Supreme Court: "[W]hether the percentage of those who have committed a sexual offense and go on to commit a second sexual offense . . . is higher than the percentage of those who

11

first commit a non-sexual offense followed by a second, sexual offense." *Torsilieri II*, 316 A.3d at 99. Because the report is silent on this issue, it does not satisfy Petitioner's heavy burden of showing the presumption is constitutionally infirm. Moreover, to the extent Petitioner asserts the evidence in *Torsilieri II* supports his position, the Supreme Court in *Torsilieri II* already deemed this evidence insufficient to show that the presumption in Subchapter H was not universally untrue. Petitioner does not assert, and we do not discern, a reason why it should be here, given the similarities in the presumptions contained in the subchapters. Thus, Petitioner has not shown that he is entitled to summary relief on this basis either.[12]

Finally, Petitioner appears to assert his Fourth Amendment rights are violated because the public knows his whereabouts as his residential, school, and employment address is publicly available. Aside from a passing reference to the Fourth Amendment in his summary relief application and supporting brief, Petitioner does not raise such a claim in his Amended Petition. Therefore, the claim is waived. *See Pa. Med. Providers Ass'n v. Foster*, 613 A.2d 51, 53 n.3 (Pa. Cmwlth. 1992) (holding claim raised in brief but not raised in petition for review filed in this Court's original jurisdiction was waived).

For the reasons stated above, Petitioner has not shown that he is entitled to summary relief in his favor. However, the above analysis does support PSP's request for summary relief. Because the Supreme Court's decisions related to Act 29 and its predecessors control here, we grant summary relief in PSP's favor.

---

[12] Petitioner challenges the presumption to the extent it applies to initial placement on the registry, as was the case in *Torsilieri II*. This is different than the assertion by the petitioner in *B.W. v. Pennsylvania State Police* (Pa. Cmwlth., No. 433 M.D. 2018), who is challenging the presumption to the extent it applies to **removal** from the registry prior to the expiration of the applicable registration period. *B.W.* is still pending before the Court.

## IV.    CONCLUSION

Petitioner has not demonstrated that he is entitled to summary relief in his favor as a matter of law.  On the other hand, PSP has shown it is entitled to summary relief based on Supreme Court precedent upholding the constitutionality of Act 29. Accordingly, we deny Petitioner's application for summary relief and grant summary relief in PSP's favor.

_____
RENÉE COHN JUBELIRER, President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

D. L.,                               :
              Petitioner      :
                              :
              v.               :   No. 405 M.D. 2017
                              :
Pennsylvania State Police,           :
SCI-Albion Parole Office, PA         :
Department of Corrections,           :
              Respondents    :

# O R D E R

**NOW**, February 2, 2026, upon consideration of the various applications filed by D.L. (Petitioner), to which no response was filed, the February 17, 2022 application seeking to introduce an expert report by Dr. Kelly M. Socia, the March 31, 2022 application seeking to introduce an article on the constitutional right to reputation, and the November 30, 2022 application related to a rejected home plan are **GRANTED** to the extent the information is relevant to the instant matter.

The November 23, 2022 "Motion for Praecipe to Enter Summary Relief" is **DISMISSED AS MOOT** given the Supreme Court's reversal of the trial court opinion upon which the motion was based.

In addition, Petitioner's application for summary relief is **DENIED**. The cross-application for summary relief filed by Pennsylvania State Police is **GRANTED**, and Petitioner's Amended Petition for Review is **DISMISSED**.

_____
RENÉE COHN JUBELIRER, President Judge